# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2021

Lyle W. Cayce
Clerk

No. 20-50761
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVERNE MICHAEL FOY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-172-1

Before SOUTHWICK, GRAVES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Daverne Michael Foy, federal prisoner # 56455-080, moves for leave to proceed in forma pauperis (IFP) in his appeal of the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He also moves for the appointment of counsel. Foy contends that the district court abused

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50761

its discretion in denying § 3582(c)(1)(A) relief by failing to consider his chronic respiratory ailments and his associated higher risk of contracting COVID-19 while incarcerated.  He also asserts that courts have the authority to look "beyond the specific criteria laid out in [the U.S.S.G.] § 1B1.13" policy statement.

By moving in this court to proceed IFP, Foy challenges the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into Foy's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Foy fails to show an arguable abuse of discretion in the denial of compassionate release.  *See id.*; *see also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  Foy argues that the district court failed to consider his health concerns, but the court denied relief after a complete review of the motion on the merits.  In addition, although it is true that the policy statement in § 1B1.13 applies to motions filed by the Director of the Bureau of Prisons and does not bind a district court considering a prisoner's own motion for compassionate release, *see United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021), the district court in this case did not indicate that it was bound by the policy statement.  Moreover, it made detailed findings about the 18 U.S.C. § 3553(a) factors, determining that they weigh against granting a sentence reduction.  *See Chambliss*, 948 F.3d at 693-94 (affirming the denial of compassionate release based on the § 3553(a) factors).  In light of this, Foy fails to raise a nonfrivolous issue.

Accordingly, we DISMISS Foy's appeal as frivolous and DENY the motion to proceed IFP on appeal.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  We also DENY the motion to appoint counsel.

2